Good morning, Your Honors. I'm Marcus Mumford. On behalf of Appellants, I'd like to reserve three minutes, if I could. May it please the Court, the issue in this case concerns what is the appropriate standard that applies when a defendant pleads guilty to one count of wire fraud. The government dismisses the other 16 counts, and yet for purposes of sentencing, the government comes back and seeks to include those that uncharged conduct and other applications as relevant conduct under the sentencing guidelines. If he'd been acquitted, if they'd all been charged, and he was acquitted on all counts but one, I think this is terrible law, but isn't it the existing law that the acquitted conduct could be used if the judge thought it was proved by a preponderance? Well, it depends, Your Honor. I don't think it would be that it's – it would be – I think you would still have to meet the clear and convincing – Well, whatever the right standard. You're right. And that's the issue. And that's the issue. Okay, but just bear with me for a second. Sure. You're right in reminding me that you have two arguments. One is clear and convincing, and the other is the use of noncharged conduct. But there are three burdens of proof, if you will, preponderance, clear and convincing, and beyond a reasonable doubt. If your client were charged with every count that was initially in the indictment and tried on them and convicted of one and acquitted of all the others, if the judge determined that the – all the others had been proved by clear and convincing evidence but not by beyond a reasonable doubt, could the judge use that acquitted conduct? I believe that's right, Your Honor. So it's not that the conduct was not charged or dismissed. Your argument has to be that it wasn't – it wasn't proved at the sentencing hearing by the requisite burden of proof, right? And the – and the court erred in applying the wrong evidentiary – Okay, but you can't – but your argument can't be that they used the uncharged conduct. It has to be that it was – it was – they didn't use the right burden. That's – that's – that's correct. And Mr. Hymas argued at the sentencing, Your Honor, it has to be by clear and convincing evidence here. Because – and if you think about it, it makes sense. Because the loan application to which Mr. and Mrs. Hymas pled guilty to was an application in March of 2007. And yet – and yet the government, for purposes of sentencing, goes all the way back to 2005 and says, well, yep, you – you did a similar – you made similar statements. But – but – but the fact that a statement was – was – was misrepresented to the lender in 2007 doesn't necessarily mean that same statement or similar statements. Okay, let me ask you just a technical question here. With respect to the count for conduct, that doesn't have to be proved by clear and convincing evidence, does it? You're talking about the conduct pertaining to the count to which they pled guilty, right? I would agree with – That's proved by clear and convincing evidence because they pleaded. I would – I would agree to the extent – except for to the extent that the plea – I would look at what the plea says as to that. In other words, does the plea go to what the loss was? And if it does not, and that – and if it does not go to what the loss was, and the – and the court and the government seek to sentence him based on that, and it would have a disproportionate impact, I would argue that it's still – the authority of this – of this court is that the Valencia factor still applied. It should be a clear – But you're – you're – this incorporates your other argument, which is that the loss really wasn't the difference between the loan and the value of a collateral at – at sale. It was some other mechanism that should be employed to – to determine the loss, right? Well, we think it has to be – Yeah, but let – I want to put that argument aside for a second. Yeah, yeah, yeah. Assuming you don't win that argument, wasn't – doesn't the plea itself establish sufficient evidence, clear and convincing evidence, on count four? It – I understand your arguments about the other counts, but – I would say it does as to Mrs. Hymus because the plea agreement itself actually stipulated it – what the loss was. And so – and so the government and Mrs. Hymus agreed that the loss from Mrs. Hymus was – the loss caused by her conduct was less than $30,000. And I would say – I would submit in that – in that instance, the court would not have to apply a higher – a higher evidentiary standard as to the loss of $30,000. But I would submit anything – anything beyond $30,000 if the government wants to – wants to go beyond, which in this case they attempted. Well, if – if the plea agreement specifies the amount of the loan – so we're getting over to the issues in the other one. It seems to me once you've specified the amount of the loan, that may define the maximum that's at risk. And I'm not sure the government should have a clear and convincing standard for anything within that range because, as subsequent case law has developed, that basically is the amount that the lender has at risk from the get-go. Why isn't that a number that's sufficiently encompassed by the plea agreement so that no higher standard would be required? So – so if I understand the court's argument – The plea agreement specifies the loan amount, $295,000. You're trying to argue that, well, if it's above $30,000, it got approved by clear and convincing. But I don't follow that because if the plea agreement says $295,000 is on the table and case law tells us the lender is at risk for that, I'm not sure why a higher burden should be imposed for the government for anything within that range. Okay, I will make two points in response. First of all, it was Mrs. Hymas's plea agreement that stipulated the lost amount of $30,000. It was Mr. Hymas's agreement that stated what the loan amount was. But just because we've established what the loan amount was, that doesn't say anything as to what the loss was. But didn't the government establish what was recovered at sale of the collateral? Well, I would make two points in response to that. Make it a house. Make it easy. You get a loan on a house for $100,000 and the government establishes that when it's sold, as I think it did, they got 50. Why isn't the loss 50? Well, but look at who got the – No, I understand, but I'm just – That's the point, right? But the government did establish – if that proof is sufficient – I know I understand you argue it's not. The government did establish that with respect to account forward, did it not? Here's – if I can short-circuit, here's what happened. The loan amount – the government established that the loan was made. The defendants established that actually the lender making the loan suffered no loss. I know. Let's assume we don't buy that argument because the circuit's rejected it a couple times already. Let's assume we don't buy it for purposes of discussion. I just want to know what's in the record. Okay. Didn't the government then prove that there was a loss, at least calculated according to the methodology, of the amount of the loan minus the amount recovered at the foreclosure sale? And I guess here I would make the point of there's a difference between book loss and – No, I understand your legal argument. It's a factual question. Okay. Doesn't this record establish that the government put on evidence of what the loans were and what the foreclosure sale price was of each piece of property? I would say I think in most instances. There were a few where they seemed to ask the court to assume that was the case. On count four, was that shown? I don't recall. As I see it, we've got ten points coming on count four, but eight points coming on the other counts. Don't you have a separate argument as to the other counts? In other words, let's assume that we conclude that clear and convincing evidence was established as to count four. What about the other counts? How does the government meet its burden as to the other counts? Well, the government attempted to meet its burden by coming in and having the individual that purported to be the loan servicer state, okay, we were servicing the loan, and the loan has an unpaid principal balance and a principal in interest and expenses associated with the sale, and the difference between that amount and the sale amount is X. Counsel, forgive me. I thought that earlier you had stipulated that the amounts that were shown in the plea agreement were established and that as to those, only clear and convincing evidence was necessary. Is that correct? Did I misunderstand that? Well, the plea agreement concerned one loan. But Judge Fenton asked you a question about weren't the totality of the loans included in the plea agreement. Weren't the amounts, in effect, stipulated? No. No. It was only the one concern. Just the one. One loan. So from your perspective, the discussion you're having with Judge Hurwitz about count four and so on, that's what we're supposed to be looking at from your perspective. That's the totality of the circumstances, and that's where you get the higher standards. I don't dispute that you can look to other relevant conduct for purposes of imposing a sentence. In other words, other conduct beyond the conduct that's at issue in count four. I don't dispute that. I'm just submitting when that conduct has a disproportionate impact on what the guideline range is. And I understand that I just, from what you just said, I misunderstood what you were conceding before. I thought you were saying that as to what had been included in the plea agreement, that it was just all that was required was clear and convincing evidence. That took that off the table. You're not saying that. Okay. But as I understand your argument, so let me make sure I understand it, with respect to the non-count four conduct, the non-in-effect chart or non-tried conduct, you have two arguments. One is you have to prove by clear and convincing evidence that my client did it. Yes. And the judge used a preponderance of the evidence. That's right. And you have a second argument that says even whatever the standard you didn't prove, the loss amount was not appropriately calculated because you would come at it with a different methodology. Focus on the first one for a second. Why are you entitled to clear and convincing evidence with respect to those other counts? Because if it would have gone to a trial, of course, we would have been entitled to a beyond a reasonable doubt standard, number one. Second, because they're including loans that my clients didn't even apply for. In other words, they're saying, well, because you were involved in this loan that this other person would have applied for. There's not indecision. There's not doubt as to whether in particular Aaron was involved in the brother-in-law loans. And your fight really isn't about whether Aaron was involved and can be held responsible for the loans to the brother-in-law if that's the loans you're talking about to somebody else. As I understood your argument, at least from your brief, it really goes back over the same ground that seems to me was conceded in the plea. That is, well, these statements about our income, those weren't misrepresentations because these great big numbers could be supported by this construct. And that seems to be, or that's what I understood to be, you were trying to argue needed to be proven by clear and convincing evidence. My problem with that is that's exactly the same kind of misrepresentation that you pled guilty to or your client pled guilty to. Now, the time period may have been different, but the representations were of the same kind. So you're basically trying to say, well, yes, I'm pleading guilty and I've signed this agreement with a factual basis for plea as to this count, but I'm not guilty for exactly the same conduct in all these other counts. Why should that be subject to a clear and convincing standard? Why isn't this like a conspiracy case where, in fact, the conduct is the same in each of these episodes? Yeah, well, and I'm glad you said, you know, you pointed out the conspiracy. In conspiracy, a different standard applies. I think the government is seeking to apply the conspiracy standard to under the grounds that it was seen. Oh, you're right, but why isn't that logical? Because here is similar conduct in each of these multiple loans. Because the unrebutted evidence presented at sentencing was that Mr. and Mrs. Hymas' business grossed over $31 million. Yeah, but they pled guilty. I mean, the same defenses would apply to the count they pled guilty to, and they pled guilty. Well, again, note what they pled guilty to. They pled guilty to a wire fraud, and what's the critical component of wire fraud is the intent and the knowing. The agreement says the loan application contained the following misrepresentations. And I won't take the time to read them, 1, 2, 3, 4. It's the same set of representations that were alleged to be misleading and fraudulent in connection with the other applications. Again, Your Honor, I would come back to the economic conditions at issue in March of 2007 were very different from those at issue in 2005. And so I don't think it's an unreasonable thing to say, hey, just because someone is pleading guilty to a loan application in 2007. Well, one of the misrepresentations is that Tiffany was employed by OPM Enterprises. That's not going to change with economic conditions, is it? Obviously, that's not going to change. If it was a misrepresentation for one application, wasn't it a misrepresentation for the others as well? Well, but I believe it's unclear what it was that was false about. She pled guilty and signed this plea agreement that said it was a misrepresentation. Obviously. The next one talked about her base employment income, these large numbers. Did that change? I'm sorry. I didn't quite hear that. I'm just looking at her plea agreement. The next category talked about her base employment income of $42,500 a month plus commissions of $30,000 a month for a total of $72,500 per month. And then three is the gross rental income. Now, if those are misrepresentations for the loan that was the subject of count number four, why were they not equally as subject to being described as misrepresentations with regard to all the other counts? All right. My time is out. Go ahead and respond. Let me say, I think that's exactly the point, is the court can't just assume that. It has to put the burden. But your client pled guilty to it. Why does the court have to disregard the guilty plea as to count four? Because what her income was in 2007 is very different from what it would have been in 2005. Does the record indicate that the same misrepresentations Judge Clifton just talked about? No, it does not. Well, let me finish. I think your answer is the same, but let me finish. You know I might switch the question halfway. Does the record indicate that the same misrepresentations Judge Clifton just read that your client admitted to with respect to count four occurred with respect to the, I'll call them the uncharged counts, the dismissed counts? I would submit the answer to that is no. So there's nothing in the record to indicate that on the other applications Mrs. Hymas said I'm employed, I work at this place, et cetera, et cetera. I would submit that it was the government's burden to prove that and they didn't. I'm not asking about burden to prove. I'm asking about the record. The government put in the loan applications for those other counts in which the exact same misrepresentations to which your client pled guilty are contained. If the question you're asking is were some of the other loan applications put into evidence, I think the answer is yes. And did they contain the same representations that Judge Clifton just read? I believe there were many variances in that respect.  Thank you, Your Honor. May it please the Court. Serena Hargrove on behalf of the United States. I want to begin by making a small concession. We did not recognize in our brief that the two loans associated with counts seven through ten, which was charged as a separate scheme in the indictment than counts one through five scheme, those two loans were uncharged conduct. They were relevant uncharged conduct. And so our argument about relevant charged conduct does not apply to those loans. And as to the relevant uncharged conduct, what's your burden to prove? Well, Your Honor, that depends on whether the increase is, and it's not, as to those two loans. Well, is it not? Why isn't this a disproportionate increase? Your Honor, it's interesting. It's not a disproportionate increase because under Section 2B1.1 of the Guidelines, the loss amount increases. You have to have a tremendously larger loss amount in order to get increasing two-point increases. And so if the Court had already enhanced the sentence by the eight points or by the six points, rather, or the ten points, sorry, that was attributable to count four, to the loan in count of four. And then you get eight more points from the other uncharged conduct, whether it's relevant or not relevant. So why aren't those other eight points lead to a disproportionate increase? It increased the range from 18 to 24 months to 41 to 51 months. It seems like a pretty... Your Honor, I'm drawing, and the reason I said it was a small concession is that I'm drawing another distinction. So the government's argument is based on the fact that Mr. Hymas pled guilty to count four, and he specifically acknowledged one execution of the wire fraud count. I think it's very helpful to look at the indictment. The indictment begins on page ER996, and it describes the scheme and artifice that count four was one execution of on a number of pages. The scheme and artifice description begins on page 998. It describes a scheme that took place over a course of two years, involved at least 25 loans. And then in section C of this part of the indictment, it goes into the executions of the scheme, and that's on page 1001 of the excerpts. It explains that on or about the dates set forth below, the defendant, for the purpose of executing and attempting to execute the scheme and artifice, and that scheme and artifice has just been described in the previous pages in section B, for the purpose of executing and attempting to execute that scheme and artifice, did knowingly execute the scheme to defraud as to material matters and so on. And then it lists five wires. Now, sending a wire is one element of wire fraud, but it is just one element. As we note in our brief, the first element of wire fraud is a scheme, and the indictment charged a very long and lengthy scheme. He pled to one execution of that scheme. So when he's arguing that he should only be held responsible for one loan, that falls on deaf ears for us, because as far as we're concerned, he pled to count four, which was a specific execution. It was a wire. And that wire, in this case, happened to be associated with a particular loan. In many wire fraud cases, it wouldn't be. It would just be a wire that was used to get the jurisdictional hook to establish skills for the larger fraud. So your position is he got nothing from the plea agreement, that basically he admitted to everything in the indictment anyway, and that his sentence can be based on that? No, Your Honor. And that's where I make the distinction between the separate fraud charged in Counts 7 through 10. So the way the indictment was pled, there was one fraud that involved loans to Mr. Hymas and to Mrs. Hymas, in which they made many very similar misrepresentations about her employment, her income, and so on, and then also about his income. Then the indictment charged another fraud, which had to do with his brother-in-law and loans that his brother-in-law received that Mr. Hymas helped him with. So our position is that he, according to the indictment, pleaded to a scheme, and that we needed to establish that any loan that was part of that scheme was indeed part of that scheme, that it involved the same kinds of misrepresentations that had occurred in that period specified in the indictment. But my question is by what burden did you need to establish those? If establishing those led to a disproportionate impact on his sentence, you agree you would have to establish those by clear and convincing evidence. You may be arguing that you had clear and convincing, but didn't you have to establish them by clear and convincing evidence? No, Your Honor. If the loans were part of the scheme to which he pled guilty and we could prove that they were part of that same scheme and that only needed to be proved by a preponderance and then the sum of the amounts of loss would need to be proved by a preponderance as well. Why are you required to prove the extent of the scheme once it goes beyond count four by clear and convincing evidence? Well, Your Honor, that's where we get to our legal argument, and that is our argument that Armstead and Treadwell should be extended to a scheme. The reason we believe that's true is that really a scheme, it makes more sense to hold someone accountable for the full extent of their scheme than it does to hold them accountable for the full extent of a conspiracy. Well, if you pled it as conspiracy, the case law is there for you. Why should we make that? You elected not to plead it as conspiracy. I'm not saying that's a bad thing. Usually the prosecutor gets accused of doing too much conspiracy. But the case law does help you with regard to conspiracy. I'm not sure I understand why, having elected not to allege conspiracy and not obtain a plea on conspiracy, we should say, well, a scheme, even though the plea agreement limits itself to one particular loan, the count four loan, why should we presume that the defendant tacitly acknowledges that the scheme extended to the other loans as to which there was no plea? Well, Your Honor, unlike a conspiracy where someone can be held responsible for actions that were reasonably foreseeable that they didn't even do, in a scheme, what we have here is really a conspiracy of one. We have a scheme where Mr. Hines ---- Suppose the defendant said, look, what you've got listed is count one. That had nothing to do with this. That wasn't even me somehow. That wouldn't preclude him from pleading guilty, entering the plea agreement that he did. Why should we make the leap that just because it's alleged as part of the same scheme that the other specific manifestations of that or alleged manifestations of that scheme are things that are fair game for proof by preponderance rather than clear and convincing if they would have a disproportionate impact? Well, Your Honor, because the sentencing guidelines make it very clear that he is to be held responsible for the full extent of his conduct. He can be held responsible. The question is how do you have to prove it? And when I read the sentencing colloquy here or the plea colloquy, I think it's ---- I'll rephrase it, but he comes in and says, I'm admitting to engaging in the scheme and the scheme is count four. What I did was count four. I'm not admitting to doing anything else. Why then don't you have to prove that he did all the other stuff by clear and convincing evidence? Your Honor, because he ---- It was conspiracy and I don't understand. I admit that I was involved in the conspiracy. You can stick me with whatever else. But really, in the real world, he showed up there and said, I'm copping to count four. Thank God you're not charging me with the rest of it. That's the deal we've made. And so why do you then get to say, well, you really admitted to all of it? That just strikes me as counterintuitive. Well, Your Honor, he didn't admit to every loan. What he admitted to was to participating in a scheme that had a very distinct pattern that involved precisely the kinds of misrepresentations. But he didn't admit that that scheme involved the other incidents that are listed. He just said, I admit that I was involved in the scheme and the scheme resulted in us obtaining this one loan. I don't admit to those other ones. You know, government, you want to show that I did those other ones, you've got a burden of proof. But I'm not admitting to them. So, Your Honor, I have two responses. One is simply the way wire fraud works, the way wire fraud is charged. The one wire isn't the whole crime. Wire fraud is designed to get at schemes that happen to involve wires. But you broke these into 16 counts or whatever. You could have charged them as one count, I suppose. But the government charged all these as different counts. And he said, I'll admit to doing one of them but not the other. Well, Your Honor, no, actually, the government charged counts one through five as one scheme. There were 20, I mean, we listed more than 25 loans involved in that scheme. Now, we had to prove to the court that, indeed, those loans were part of the scheme. They involved the same kinds of misrepresentations. And we proved that. When you talked a few minutes ago about the nature of wire fraud and that, in fact, he had pled guilty to a specific fraud, I understood you to say, in effect, that he had pled guilty to that, even though it isn't so specified, which would, I gather, mean by implication you're saying, because of the nature of wire fraud, we really don't need to talk about conspiracy. It really includes everything. And preponderance is sufficient. Is that ñ did I misunderstand what you said? I think that's correct, Your Honor. He ñ we charged a scheme. He pled guilty to one execution. I correctly understood what you said. Yes. Okay. So the response that you gave to Judge Hurwitz and to Judge Clifton really doesn't go to your point. They're making the argument that he didn't plead guilty to these other things. You're saying that, in effect, he did because of the nature of wire fraud. And therein lies the tale. If the government has to, in effect, rely upon charges for which he was not convicted, then you've got more of a problem because of the disproportionate nature of the sentencing. Precisely. On the other hand, if he was, in effect, convicted, then you don't have that issue. And that's what I understand to be your argument. Is that correct? Yes, Your Honor. Okay. Yes, Your Honor. And it was interesting. When my opposing counsel said that in a trial all of this would have been proved beyond a reasonable doubt, that's simply not true because the amount of loss is not part of wire fraud. That's not an element of wire fraud. Well, what would have been proven is that the ñ we've got the count for loan. We've got a plea on that. Presumably, there would have to have been evidence and a finding or a verdict by the jury with regard to beyond a reasonable doubt with regards to the transactions that were embodied in counts 1, 2, 3, and 5, and then separately the other scheme. So the amount piece might be out, but the other pieces would presumably be in. You're correct, Your Honor. Now, with regard to the showing that was made to the district court linking the other four properties, 1, 2, 3, and 5, to this same scheme, as I look at what the district court did, the district court adjudicated that based on a preponderance of the evidence standard. Is that correct? That's correct. And not just the loans 1, 2, 3, 4, and 5, but the other 21. Everything else basically was on it. Exactly. And so your problem now is that if clear and convincing is the standard for any part of that, we don't have a finding by the district court to that standard. That is correct, Your Honor. Under the circumstances, if that were the case, would we not have to send at least that portion of it back to the district court? Yes, Your Honor. If the court concludes that Mr. Hymas did not plead to the scheme alleged in the indictment as part of count 4, then yes, absolutely, we lose. We should have proved it by clear and convincing evidence. And then we send it back to the district court, and the district court can determine whether or not you can prove it by clear and convincing as opposed to preponderance. Yes, Your Honor. We would certainly request that you allow Judge Lodge to determine whether he would have made the same finding under the higher standard. It's interesting because based on that resolution of really what is a factual question to what did he plead exactly, the court, depending on its resolution of that question, may not even need to reach the interesting legal question about whether to extend Armstead and Treadwell, the law about conspiracies, to the law about schemes. Now, I want to make sure I understand your answer to Judge Smith's question. And if we don't accept your argument that he pleaded to a scheme which – and also pled to – he did plead to a scheme, but also he pled to a scheme which included all these other incidents, your view is that we should remand for resentencing? Yes, Your Honor. If he somehow managed to plead to an execution of wire fraud. Only to the conduct in Count 4. Right. Then we ought to send it back for resentencing. Yes, Your Honor. Thank you. And I would submit that would be an odd thing to be able to plead to in a wire fraud indictment, especially an indictment that's structured the way this one is. But, yes. You guys write the plea agreements. If you wanted him to admit to the other conduct, you could have done that, couldn't  Yes, Your Honor. You're quite correct. You're quite correct. Thank you, Your Honor. We respectfully submit and request affirmance or, in the alternative, a remand to allow Judge Lodge to determine whether he would have made the same findings under the higher standard. Thank you. Thank you. I believe the government's reference back to the indictment is exactly the point that we're trying to make. In other words, if you think about an indictment, it's only the burden of proof to a probable cause. You can't say, well, for a plea that does not incorporate the indictment, you can't say, well, by pleading to one count of that indictment, the court can assume that the defendant has pled to the entirety of the indictment. That's the point. That's a probable cause standard. And the standard that the Ninth Circuit has held should be a clear and convincing standard. As to what Mr. Hymas pled to exactly, he reserved, expressly reserved, that there's no agreement as to the loss calculation, and he and the government stipulated that it is the government's burden to establish the loss amount to support an adjustment, an upward adjustment under the sentencing law. If you refer to the language of the factual basis of the plea itself, and I believe this is on page 991 of the, I'm sorry, 988 of the appendix, that's the factual basis of the plea itself. Nowhere in there do you see Mr. Hymas pleading to or agreeing to the scheme. Rather, it's simply a matter of with respect to the March 2007 loan application. Well, let me ask you the last question I asked the government. If you're right, we remand for resentencing, do we not? Yes. And the judge can then determine whether or not the government met its burden by clear and convincing as opposed to just preponderance. That's right. That's right. And we get there by applying the Valencia factors that have held, as this court has held on other occasions, applied that. And I just submit that there is no basis for this court to now extend a treadwell into a wire fraud. Thank you. If there are no other questions, I'll submit. Thank you. We thank both of you for your helpful arguments. The case just argued is submitted.
judges: Clifton, Smith, Hurwitz